8

FILED

MAY -7 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**Not for Publication**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>JAMES LARRY SACCHERI and JUDITH ANN SACCHERI,<br><br>Debtors. | Case No.: 09-17721-B-7<br><br>Adv. No. 09-01273-B<br><br><br><br>Dept. F, Courtroom 13, Fresno, California<br><br>Honorable Richard T. Ford |
| ST. LAWRENCE VALLEY DAIRY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LARRY SACCHERI and JUDITH ANN SACCHERI,<br><br>Defendants. | FURTHER FINDINGS OF FACT AND CONCLUSIONS OF LAW |

1

245

On June 29, 2011, this Court issued its Findings of Fact and Conclusions of Law finding that the Defendant is liable for a debt in a unspecified amount to Plaintiff and that the debt is not dischargeable pursuant to 11 U. S. C. 523(a)(2) (A) and 11 U. S. C. 523 (a)(4). The Court set a further trial in July, 2011, to determine the amount of damages. On April 6, 2012 the Court issued its additional Findings determining the Judgement to be in the amount of $399,131,35, plus attorney's fees and costs. The amount set forth on page 14, line 20 ($399,131.35) is an INCORRECT amount. The correct amount of the damages is set forth on page 4 at lines 22-26, wherein it states the total charges is $736,342.86, minus the total credits of $242,336.29 equals the total damages of $492,006.57. The correct amount is also stated on page 12, line 17. The Court allowed the Plaintiff fourteen days to file his application and declaration for fees and allowed the Defendant an additional fourteen days to file its opposition. Those documents have now been filed, and the Court is ready to issue its Final Findings reference attorneys fees and costs and its Final Judgment for all proceedings in this case.

1. On November 9, 2009, the Plaintiff filed its initial complaint in this matter. In paragraph 11, it is stated that defendant signed a Settlement and Release Agreement and that the agreement provided for attorney's fees to the prevailing party in any litigation regarding the substance of that agreement. In the

Prayer, Plaintiff asked for, among other things, attorney fees and costs.

2. In Defendants answer they denied the allegations contained in paragraph 11 and in their prayer they ask that Plaintiff take nothing.

3. The Plaintiff filed its First Amended complaint on March 30, 2010. In paragraph 23, Plaintiff alleged that the Defendant signed a Settlement Agreement and among other things it provided for attorney fees and costs to be paid to the prevailing party. The prayer also requested an award of attorney fees.

4. The defendants filed their answer on April 13, 2010 and in paragraph 20 they allege that they signed two promissory notes and the Settlement Agreement under "duress" and they further deny that attorneys fees are proper because the Plaintiff is not seeking to enforce the Settlement Agreement.

5. On May 14, 2010, Plaintiff filed its Second Amended Complaint, again asking for attorneys fees.

6. On May 28, 2010, the Defendants answered and alleged that attorneys fees should not be awarded.

7. On June 25, 2010, a Third Amended Complaint was filed and they again asked for attorney fees and cost.

8. On July 12, 2010, the Defendants filed an answer to the Third Amended Complaint and asked for reasonable attorney fees for Judith Saccheri under Bankruptcy Code Section 523(d). Defendant also asks for attorney fees under 523(d) in favor of

James Saccheri.

9. On July 12, 2010, the Defendant Judith Saccheri filed a cross-claim and a complaint against St. Lawrence and among other things, asks for attorney fees.

10. On July 18, 2011 a fourth Amended Complaint was filed and it again asked for attorney fees.

11. Lastly on August 17, 2011, each Defendant filed a answer denying the allegations set forth in Plaintiff's Amended Complaint.

12. On January 5, 2012, before the Court's Order of April 6, 2012, Plaintiff filed its application for attorney fees and costs, seeking $58,356.25 in fees and $2,737.50 in costs. Plaintiff also filed its Declaration of Jeff Reich in support thereof.

13. On January 26, 2012, the Defendant James Saccheri, filed his brief regarding attorney fees. He denied that fees were due but did not question the amount of fees or costs requested.

14. On February 9, 2012, Plaintiffs filed a reply.

15. On April 18, 2012, Plaintiff filed another application for fees, this time requesting $59,382.50 and costs in the sum of $2,737.50.

16. On May 1, 2012, Defendant James Saccheri filed his opposition and declaration re attorneys fees.

There are two issues. Whether any fees or costs are due to Plaintiff, and if they are, are the fees requested reasonable.

The Settlement Agreement (Ex 4) and the two promissory notes (Ex 5 and 6) each provide for attorney's fees if the defendant breaches the agreement. The Settlement Agreement provides:

> "11. ATTORNEY'S FEES. If either party to this Agreement initiates any enforcement action or brings any action for any relief against the other, declaratory or otherwise, for the purpose of enforcing this Agreement or pursuing a breach thereof, the losing party shall pay to the prevailing party a reasonable sum for attorney's fees incurred in bringing such action and /or enforcing any judgment granted there."

This document plus the promissory notes were all received into evidence. The defendant made payments pursuant to the agreements for four months before defaulting.

In Fleischmann Distilling Corp. V. Maier Brewing Co., 386 U. S. 714,717,87 S. Ct. 1404,1407, the Court said "Our reading of the Bankruptcy Code's plain language is reinforced by the principle that attorney fees are properly awarded to a creditor prevailing in a bankruptcy claim if there exists a statute or valid contract providing therefore." Since Section 523 does not expressly provide for attorney fees(except in a limited case under 523(d)) we must look to the provisions of the written agreement (Ex 4). The agreement clearly provides for the allowance of attorneys fees in the case at bar.

As the Bankruptcy Appellate Panel stated in the case of Charlie Y v. Robert Carey in 446 B. R. 384 in March of 2011, under the American Rule, " the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys" fee from the

5

loser." <u>Alyeska Pipeline Srv. Co. V. Wilderness</u>, 421 U. S. 240, 247 (1975). However, this general rule can be overcome by statute or by an "enforceable contract" allocating attorney's fees. <u>Fleischmann Distilling Corp. V. Maier Brewing</u>, 3386 U. S. 714, 717 (1967). In California, Section 1021 if the California Code of Civil Procedure provides for attorney fees by agreement, express or implied.

In this case the Plaintiff asked for attorney fees and costs in every complaint and amended complaint filed in this proceeding; the defendant acknowledged the request by denying plaintiff's right to fees in each of his answers, so the issue was before the Court. The Court finds that the provision in the Settlement Agreement and Promissory Notes are applicable in this case, the defendant has no valid defenses in opposition to the request, and the Court finds that Plaintiff is entitled to fees and costs.

The Court has reviewed Plaintiff's application for fees and costs and exhibits thereto. In addition, the Court has reviewed Defendant's opposition and declaration re fees. The Court finds that the rates requested in said application are reasonable and that the description of each service is detailed sufficiently to fully describe each service.

Therefore the Court awards Plaintiff attorneys fees of $59,382.50 and costs in the sum of $2,737.50 and, as the Judgment, shall state these amounts will be non-dischargable. A

6

separate Judgment shall issue.

DATED: May 7, 2012.

_____
RICHARD T. FORD, Judge
United States Bankruptcy Court

Service list for 09-1273:

James L. Saccheri
Judith Saccheri
P. O. Box 7954
Fresno, CA 93747

Jeff Reich, Esq.
THE REICH LAW FIRM
8441 N. Millbrook, Suite 104
Fresno, CA 93720

M. Nelson Enmark
3855 N. West Avenue, #108
Fresno, CA 93705-2759